UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREW JONES,

                Petitioner,

    -against-                                          9:23-CV-0077 (LEK)

T. MCGUINNESS,

                Respondent.

## MEMORANDUM-DECISION AND ORDER

**I.**     **INTRODUCTION**

Pro se Petitioner Andrew Jones seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"); Dkt. Nos. 2, 2-1, 2-2, 2-3 ("Exhibits").[1] After reviewing the Petition and the documents filed at Docket Number Two, the Court determined that (1) there were some gaps in the procedural history of Petitioner's criminal court convictions, subsequent appeals, and collateral challenges; (2) it was unclear whether the criminal convictions which "Petitioner purports to challenge can offer him a basis for relief"; and (3) "the most efficient use of judicial resources would be to have Respondent answer the instant Petition to address any procedural or jurisdictional issues, and potentially the merits of Petitioner's challenges." Dkt. No. 7 ("February Order") at 4. The Court therefore ordered Respondent to file an answer to the Petition on or before May 16, 2023. Id. at 5. Two weeks after the Court issued the February Order, Counsel for Respondent filed a Notice of Appearance. See Dkt. No. 8.

---

[1] Petitioner claims that he never submitted any exhibits with his Petition. Dkt. No. 9 at 1–2. However, the same day the Court received the instant Petition, it also received exhibits in support of said petition. See Dkt. Nos. 2, 2-1, 2-2, 2-3. These are the Exhibits to which the Court repeatedly refers in the February Order. See Dkt. No. 7.

Presently before the Court are Petitioner's motion for reconsideration and other various relief, and a request for the appointment of counsel. Dkt. No. 9. Petitioner seeks modification of the February Order to clarify that he is seeking federal habeas relief because:

> (1) DOCCS [i.e., the New York State Department of Corrections and Community Supervision] fail[ed] to recalculate [P]etitioner's terms of imprisonment pursuant to the law [which] has resulted in a prolonged and continued violation of [P]etitioner's rights not to be twice punished for the same offense;
>
> (2) [P]etitioner was never credited for time he had served in prison when he returned to the trial court in 2016;
>
> (3) the Supreme Court [of Albany County] erred when it denied [P]etitioner's Article 78 petition pursuant to Penal Law 70.25(2-a); and the Supreme Court misinterpreted Penal Law 70.30(5) to the unique circumstances of this case; and
>
> (4) the Appellate Division did not consider all the issues including concurrent sentencing raised in the Article 78 proceedings when it determined that [P]etitioner was not entitled to credit for prison time served under assault sentences that were vacated.

Dkt. No. 9 at 2.[2] In sum, his "argument is that he was not credited for the 12 years he served in prison pursuant to the law," and that "DOCCS['] failure to correctly calculate and execute his

---

[2] **Error! Main Document Only.** Petitioner unequivocally states that he is challenging his 2001 and 2016 convictions. Dkt. No. 9 at 3 (citing Pet. at 1–2). In the February Order, the Court observed that certain state courts have found that Petitioner never served any time in prison from the sentences imposed in 2001 and 2016, and was, instead, serving a sentence for a 2003 second degree murder conviction. February Order at 1–3. Furthermore, the prior habeas petition that Petitioner included with his Exhibits, Dkt. No. 2 at 26–36, challenged, in part, his 2001 conviction, and the claim was denied and dismissed as moot, id. at 29–32, 36. Accordingly, that is why the Court concluded that the best use of judicial resources was to direct an answer so that the procedural and jurisdictional issues could be fully briefed and presented to the Court to determine whether the 2001 and 2016 convictions can offer Petitioner a basis for relief. February Order at 4.

2

sentences resulted in a "violation of his State and Federal Constitutional rights against the Double Jeopardy Clause not to be punished twice for the same offense." Id. at 3.

Petitioner also requests (1) a courtesy copy of the filed Petition, and (2) a copy of the Court's docket sheet. Id. at 4. Liberally construing the submission, Petitioner also appears to renew a prior request for counsel. Id. at 3.

## II.   DISCUSSION

### A.  Reconsideration

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Therefore, "[t]o warrant reconsideration, a party must show an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice." Long v. U.S. Dep't of Justice, 778 F. Supp. 2d 222, 228–29 (N.D.N.Y. 2011) (citing Doe v. New York City Dep't of Soc. Servcs., 709 F.2d 782, 789 (2d Cir. 1983)). However, "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Utica Mut. Ins. Co. v. Clearwater Ins. Co., No. 13-CV-1178, 2015 WL 4496374, at *1 (N.D.N.Y. July 23, 2015) (internal quotation marks and citation omitted).

Petitioner's motion for reconsideration primarily clarifies which arguments he wants to advance in the instant habeas Petition. He claims that the Court was mistaken when it cited the four grounds pursuant to which petitioner sought relief as:

3

> (1) the trial court violated Petitioner's protection against Double Jeopardy, Pet. at 18–21; (2) his counsel was constitutionally ineffective, id. at 18, 22–23; (3) the county court erred when it denied Petitioner's 440 [m]otion, id. at 18, 23–24; and (4) the additional incarceration petitioner received was harsh and excessive punishment, id. at 18, 24–29.

February Order at 3. Instead, Petitioner specifies that he is seeking federal habeas relief because:

> (1) DOCCS fail[ed] to recalculate [P]etitioner's terms of imprisonment pursuant to the law [which] has resulted in a prolonged and continued violation of [P]etitioner's rights not to be twice punished for the same offense;
>
> (2) [P]etitioner was never credited for time he had served in prison when he returned to the trial court in 2016;
>
> (3) the Supreme Court [of Albany County] erred when it denied [P]etitioner's Article 78 petition pursuant to Penal Law 70.25(2-a); and the Supreme Court misinterpreted Penal Law 70.30(5) to the unique circumstances of this case; and
>
> (4) the Appellate Division did not consider all the issues including concurrent sentencing raised in the Article 78 proceedings when it determined that [P]etitioner was not entitled to credit for prison time served under assault sentences that were vacated.

Dkt. No. 9 at 2.

Liberally construing Petitioner's motion, he claims that manifest injustice will occur without a proper clarification of the grounds for which he seeks relief. "In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable . . . and provides relief only in the proverbial rare case . . . ." Dejesus v. Malloy, 582 F. Supp. 3d 82, 85 (W.D.N.Y. 2022) (internal quotation marks and citations omitted).

Here, there is a direct, obvious, and observable discrepancy between the two sets of grounds stated for relief. While the overarching constitutional rights evoked may overlap, the

4

Court is cognizant of the fact that the Petitioner is able to seek relief on the specific grounds that he deems available and most persuasive. Accordingly, Petitioner's request is granted in part. The Respondent is directed, to the degree Respondent deems necessary, to address the merits of the four claims stated herein when filing the answer. As the Court previously noted, "procedural and jurisdictional issues" may form the basis of a limited answer which may not initially include the merits of Petitioner's challenges. However, that decision is ultimately up to the Respondent.

In sum, the February Order need not be vacated, as ultimately Respondent is still directed to answer the instant Petition. However, the Order is clarified to update Petitioner's claims for relief. Specifically, where a merits analysis is appropriate, Respondent shall address whether:

> (1) DOCCS fail[ed] to recalculate [P]etitioner's terms of imprisonment pursuant to the law [which] has resulted in a prolonged and continued violation of [P]etitioner's rights not to be twice punished for the same offense;
>
> (2) [P]etitioner was never credited for time he had served in prison when he returned to the trial court in 2016;
>
> (3) the Supreme Court [of Albany County] erred when it denied [P]etitioner's Article 78 petition pursuant to Penal Law 70.25(2-a); and the Supreme Court misinterpreted Penal Law 70.30(5) to the unique circumstances of this case; and
>
> (4) the Appellate Division did not consider all the issues including concurrent sentencing raised in the Article 78 proceedings when it determined that [P]etitioner was not entitled to credit for prison time served under assault sentences that were vacated.

Dkt. No. 9 at 2.

### B. Appointment of Counsel

Petitioner also requests the appointment of counsel. Dkt. No. 9 at 3 (citing Dkt. No. 1-2 at 1). However, Petitioner fails to provide any specific reasons why he should receive counsel at this state in the habeas litigation.

There is no constitutional right to representation by counsel in habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61–62 (2d Cir. 1986). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." Reynolds v. Greene, No. 05-CV-01539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (citations omitted). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if an evidentiary hearing is required.

Assuming, without deciding, that Petitioner's claims are likely to be of substance, the Court still finds that Petitioner has failed to identify any "special reason" why appointing counsel to assist him at this time is warranted. Hodge, 802 F.2d at 62. Contrary to his argument in the motion, Petitioner is not entitled to counsel at this stage of his habeas proceedings. Pennsylvania, 481 U.S. at 555. Moreover, the mere fact that he is incarcerated or unable to independently retain counsel does not compel the Court to appoint him an attorney. Id. Furthermore, appointing counsel is not warranted simply because Petitioner thinks appointed counsel would be more

skilled in presenting his legal arguments. See Voymas v. Unger, No. 10-CV-0645, 2011 WL 2670023, at *12–13 (W.D.N.Y. July 7, 2011) (finding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Notably, in the February Order, the Court directed Respondent to answer the Petition. In addition to that answer, Respondent must produce all relevant state court records and transcripts to the Court. See Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. Without the benefit of Respondent's answer and the relevant documentation regarding the underlying state court proceedings and decisions, it is too early for the Court to determine whether an evidentiary hearing is necessary. Therefore, at this juncture, there appears to be no special reason to appoint counsel. Accordingly, Petitioner's request for counsel is denied without prejudice, meaning he may renew the request at a later point in the litigation should such special reasons arise.

### III.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's motion (Dkt. No. 9) is **GRANTED in part**. The Clerk of the Court is respectfully directed to provide Petitioner with a copy of the docket sheet for this action, together with a "Photocopy Request form." Any request for copies of documents must specifically reference each docket number requested with a check payable to the United States District Court Clerk with the required fee ($0.50 per page). Any requests for complimentary copies of exhibits or other filings are **DENIED**; and it is further

**ORDERED**, that the February Order is **REVISED** to clarify Petitioner's four bases for relief, as specified in Dkt. No. 9 at 2. Where a merits analysis is appropriate, Respondent shall address Petitioner's four bases for relief, to the degree Respondent deems necessary. The Respondent's answer is still due on or before May 16, 2023; and it is further

**ORDERED**, that Petitioner's request seeking appointment of counsel (Dkt. No. 9) is **DENIED without prejudice**; and it is further

**ORDERED**, that Petitioner may, but is not required to, file a reply within **thirty (30) days** of the filing date of Respondent's answer. If Petitioner chooses to file a reply, it must not exceed **fifteen (15) pages** in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the Respondent in his answer and memorandum of law in opposition to the Petition. This Court will not consider any new grounds for relief or other legal theories asserted by Petitioner in his reply that were not previously asserted by him in his Petition. If Petitioner fails to file a reply or a request for extension of time within **thirty (30) days** of the filing date of Respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order upon the parties in accordance with the applicable Federal and Local Rules.

**IT IS SO ORDERED.**

DATED:   March 20, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge