UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANDREW JONES,

                            Petitioner,

    v.                                                                    9:23-CV-0077
                                                                              (LEK)
T. McGUINNESS,

                            Respondent.

_____

APPEARANCES:                                                      OF COUNSEL:

ANDREW JONES
Petitioner, pro se
01-A-4383
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. LETITIA JAMES                                      MICHELLE E. MAEROV, ESQ.
Attorney for Respondent                                Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN
Senior United States District Judge

**DECISION and ORDER**

I.     **INTRODUCTION**

     Petitioner unsuccessfully sought federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, ("Exhibits"); Dkt. No. 7, ("February 2023

Decision") (ordering respondent file an answer to petitioner's claims that, *inter alia*, his

Double Jeopardy rights had been violated and that his sentencing and additional

incarceration had been harsh and excessive);  Dkt. No. 10, ("March Order") (clarifying the

1

February Order to update petitioner's claims for relief and instruct respondent, where a merits analysis was appropriate, to answer such claims appropriately); Dkt. No. 13, ("Response"); Dkt. No. 15, ("Reply"); Dkt. No. 17, ("February 2026 Decision") (denying and dismissing the Petition in its entirety); Dkt. No. 18, ("Judgment").

Presently before the Court is petitioner's motion for reconsideration of the Decision and Order denying and dismissing the Petition.  Dkt. No. 19, ("Motion").[1]  Respondent opposes the motion in part.  Dkt. No. 25, ("Response to Reconsideration Motion").

For the reasons which follow, petitioner's motion is granted to the extent that the Court will update its Decision and Order to incorporate the correct claims from the March Order, and is otherwise denied.

## II.    DISCUSSION

Petitioner argues that he is entitled to reconsideration because (1) the Court failed to incorporate the March Order, and petitioner's revised claims, into its Decision and Order denying and dismissing the Petition; (2) the Court's Decision and Order failed to address the merits of petitioner's claim that the state court erred in its sentencing calculations because he "was never credited for the time he had served in prison when he returned to the trial court in 2016"; and (3) the Court failed to address his argument that, given how the state courts credited petitioner's time, the holding in *North Carolina v. Pearce* binds this Court to find petitioner suffered a Double Jeopardy violation, Mot. at 1–3.

Pursuant to the Federal Rules, a "court may correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV. P. 60(a).  The Court agrees with the petitioner's observations

---

[1]  Petitioner also timely filed a Notice to Appeal the Decision and Order and Judgement.  Dkt. No. 20.  However, the appeal has been stayed pending resolution of the motion for reconsideration pending in this Court.  Dkt. No. 24.

and the respondent's acknowledgment that the revisions from the March Order were not included in the Decision and Order dismissing and denying the Petition, and they should have been.  That omission will be corrected by the Court with the filing of an Amended Decision and Order which incorporates those facts into said amended decision.

However, petitioner's other arguments seeking reconsideration are denied.

Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect;
(2)    newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)    the judgment is void;
(5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)    any other reason that justifies relief.

FED. R. CIV. P. 60(b).  "The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding."  *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at \*12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)).  "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the challenged decision. . . . Rather . . . Rule 60(b) provides relief only in exceptional circumstances."  *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at \*2 (W.D.N.Y. Mar. 26, 2008) (emphasis in original).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12 (quoting *Lora v. West*, 04 Civ.1902 (RJH)(GWG), 2010 WL 1541339 at *2 (S.D.N.Y. Apr. 16, 2010) (Gorenstein, M.J.) (Report and Recommendation). "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Here, it appears petitioner seeks relief pursuant to Rule 60(b)(1). Petitioner's motion was made less than one month after the Decision and Order and Judgment were entered. Accordingly, it is timely.

However, despite being timely filed, petitioner has failed to demonstrate that the Court did not properly address his claims for relief. First, petitioner argues the Court never discussed the merits of his state court sentencing claims. Dkt. No. 19 at 2. However, that is because the Decision and Order explained that petitioner's challenges to his sentencing claims were not cognizable on habeas review; therefore, no merits review was permitted. Dkt. No. 17 at 6–7. Said another way, any and all variations of petitioner's claims that the state courts incorrectly applied New York State sentencing laws in rejecting his challenges to how his state court sentences were calculated were not within "the province of [this Court] to reexamine [because they challenged] state-court determinations on state-law questions." *Id.* at 7 (quoting *Ortiz v. New York State Parole in Bronx, N.Y.*, 586 F.3d 149, 158 (2d Cir. 2009)).

4

Similarly, petitioner's claim that this Court failed to analyze his Double Jeopardy claims or the applicability of *Pearce's* holding to them, is also meritless. The Decision and Order explained why Double Jeopardy principles do not apply to petitioner's incomplete, aggregate sentence, and that *Pearce* is not controlling because petitioner's sentence does not involve "the imposition of a new sentence after retrial." Dkt. No. 17 at 8–9 (quoting *Rodriguez v. Keyser*, 2016 WL 264141, at *5 (S.D.N.Y. Jan. 19, 2016)). Accordingly, petitioner's motion is denied.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to reconsider the Decision and Order, Dkt. No. 17, is **GRANTED IN PART**. Specifically, the Court will file an Amended Decision and Order which incorporates the March Order's clarification as to what petitioner argued entitled him to federal habeas relief. However, the Amended Decision and Order merely corrects an omission by the Court and does not change the ultimate outcome that the Petition is denied and dismissed in its entirety. The remainder of petitioner's motion for reconsideration is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on all parties in accordance with the Local Rules.

Dated:  June 1, 2026
       Albany, NY

Lawrence E. Kahn
Senior U.S. District Judge

5