UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————————

ANDREW JONES,

                          Petitioner,

        v.                                                    9:23-CV-0077 (LEK)

T MCGUINNESS,

                          Respondent.

———————————————————————————

APPEARANCES:                                        OF COUNSEL:

ANDREW JONES
Petitioner Pro Se
01-A-4383
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. LETITIA JAMES                                  MICHELLE ELAINE MAEROV, ESQ.
Attorney for Respondent                             Ass't Attorney General
New York State Attorney General
28 Liberty Street
New York, New York 10005

Lawrence E. Kahn
United States District Judge

### AMENDED MEMORANDUM-DECISION and ORDER

## I.      INTRODUCTION

        Petitioner Andrew Jones seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, ("Exhibits").[1]  After an initial review, the Court

---

[1]  For the sake of clarity, citations to all parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.  The only exception is the State Court Record ("SCR"), Dkt. No. 13-3, where citations will reference the Bates-stamp at the top-center of each page, as the exhibit is separately and consecutively paginated.

ordered Respondent to file an answer addressing the Petition.  Dkt. No. 7, ("February 2023 Decision and Order").

Petitioner then filed a motion for reconsideration arguing that the Court had misstated Petitioner's grounds for relief.  Dkt. No. 9, ("Motion for Reconsideration").  The Court granted the motion in part, revising its prior Order to direct Respondent to address Petitioner's clarified claims where a merits analysis was appropriate.  Dkt. No. 10, ("March 2023 Decision and Order").

Respondent filed an answer.  Dkt. No. 13, ("Answer"); Dkt. No. 13-1, ("Memorandum of Law in Support"); Dkt. No. 13-3, ("State Court Records ("SCR")").  Petitioner filed a traverse the following month.  Dkt. No. 15, ("Reply").

For the reasons which follow, the Petition is denied and dismissed in its entirety.

## II.    RELEVANT BACKGROUND

During Petitioner's collateral challenge to his sentencing, the New York State Appellate Division, Third Department summarized his sentencing history.  SCR at 313.  The Court will adopt that same history here for purposes of the instant action.  Specifically,

> [i]n 1999, [P]etitioner was sentenced to a prison term of 6 to 12 years upon his conviction of criminal sale of a controlled substance in the third degree.  In 2001, [P]etitioner was sentenced to a prison term of seven years with five years of postrelease supervision upon his conviction of assault in the second degree, which ran consecutively to his 1999 sentence.  In 2003, [P]etitioner was convicted of murder in the second degree, for which he was sentenced to 23 years to life in prison, to run consecutively to the 1999 and 2001 sentences.  The Department of Corrections and Community Supervision (hereinafter DOCCS) calculated [P]etitioner's parole eligibility date on those sentences as March 3, 2036.

SCR at 313-14.

Petitioner directly appealed his 2001 conviction, and the Third Department

2

> reversed the judgment of conviction and remitted the matter for further proceedings. Upon remittal, [Petitioner] pleaded guilty to [the same charge of] assault in the second degree [in 2016] and waived his right to appeal in exchange for a prison term of five years, followed by five years of post-release supervision, with such sentence to run concurrently with [his] 2003 conviction for murder in the second degree.

*People v. Jones*, 171 A.D.3d 1249, 1249 (3d Dep't 2019) (citing *People v. Jones*, 136 A.D.3d 1153 (3d Dep't 2016), *lv. appeal denied*, 27 N.Y.3d 1000 (N.Y. 2016)).  Petitioner lists both the 2001 and 2016 convictions from Albany County as the bases for his instant challenge and requested relief.  Pet. at 1.

Shortly after Petitioner's 2016 conviction, he filed a motion to vacate his judgment and sentence pursuant to New York Criminal Procedure Law §§ 440.10, 440.20 ("440 Motion"). Pet. at 3; see also *Jones*, 171 A.D.3d at 1249. The 440 Motion was denied, without a hearing, on January 13, 2017.  Pet. at 3–4.  Petitioner appealed the denial of his 440 Motion, and directly appealed his conviction, and both appeals were decided by the Third Department. *Jones*, 171 A.D.3d at 1249.

On April 4, 2019, the Third Department held that Petitioner's guilty plea needed to be vacated and the matter remanded for further proceedings based upon Petitioner's ineffective assistance of counsel. *Jones*, 171 A.D.3d at 1249–51. Accordingly, "the judgment [wa]s reversed, on the law, and [the] matter remitted to the [New York State] Supreme Court for further proceedings not inconsistent with th[e Third Department's] decision." *Id*. at 1251. Given the Appellate Division's decision, Petitioner's "remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his . . . 440 [M]otion" were "rendered academic," and were dismissed. *Id*.  The New York State Court of Appeals denied leave to appeal the Third Department's decision on June 17, 2019. *People v. Jones*,

3

33 N.Y.3d 1070 (N.Y. 2019).

"DOCCS recalculated Petitioner's parole eligibility date to be March 3, 2030, based upon the 29-year aggregate of the minimum sentences imposed on the consecutive, indeterminate sentences in 1999 (six years) and 2003 (23 years)."  SCR at 314.

On August 28, 2019, Petitioner filed an Article 78 proceeding challenging the DOCCS parole eligibility calculation, specifically DOCCS's alleged failure to recalculate Petitioner's terms of imprisonment so that Petitioner would not be twice-punished for the same offense. Pet. at 4.  Petitioner argued that he was "entitled to 12 years of credit against his 2003 sentence for the time that he served under the vacated 2001 and 2016 sentences."  SCR at 314.  On March 5, 2020, the Albany County Court dismissed the application.  SCR 209-213; see also SCR at 313.  Petitioner appealed the county court's decision.[2]

On May 19, 2022, the Third Department denied Petitioner's appeal because

> after [P]etitioner's 2001 and 2016 sentences were vacated, he remained subject to the consecutive 1999 and 2003 indeterminate sentences.  Under Penal Law § 70.30(1)(b), where multiple consecutive indeterminate sentences are imposed, the minimum terms imposed on each are added together to arrive at an aggregate minimum term, here 29 years for the 1999 and 2003 sentences, minus 153 days of jail time credit that is not in dispute. This results in a parole eligibility date of March 3, 2030. Petitioner's argument that he is entitled to 12 years of credit for time served . . . is incorrect given how multiple consecutive indeterminate sentences are, by statute, calculated.  Under Penal Law § 70.30(1)(b), multiple consecutive indeterminate sentences are **made into one** resulting in a single, indeterminate aggregate sentence and an incarcerated individual is subject to all the sentences that make up the aggregate sentence being served . . . Consequently, [P]etitioner was not at any point solely serving the individual sentences imposed in 2001 and 2016 . . . . Thus, no portion of the time that [P]etitioner was serving after the 2001 and 2016 sentences were imposed can be attributed to either of those sentences individually, as the time is served on the single,

---

[2]  In the present Petition, Petitioner explains, in detail, the prolonged and protracted appeal process that followed, and why his present Petition should be considered timely. Pet. at 16–17.

> aggregate sentence. Rather, the vacatur of those sentences resulted in a reduced minimum aggregate sentence and a concomitant recalculation of his earlier parole eligibility date.
>
> Further, [P]etitioner's reliance on Penal Law § 70.30(5) [wa]s misplaced.  Although that provision permits an incarcerated individual to receive credit for time served under a vacated sentence against a new sentence for the same offense, it only applies in the event that a new sentence is imposed to replace the vacated sentence . . . As the 2001 and 2016 sentences were both vacated and the indictment dismissed, [P]etitioner was not subject to a new sentence for that offense and, thus, was not entitled to credit for any time served under those vacated sentences[.]

SCR at 314-15 (original alterations, quotation marks and internal citations omitted) (emphasis in the original).  Petitioner unsuccessfully sought leave to appeal, and the motion was denied by the Court of Appeals on November 22, 2022.  SCR at 371.

Petitioner argues that he is entitled to federal habeas relief because (1) DOCCS violated petitioner's guarantee against Double Jeopardy when it incorrectly applied state law in calculating petitioner's present sentence, effectively punishing petitioner twice for the same crime by failing to account for the twelve years Petitioner had already been incarcerated; and (2) the state courts erred when they denied petitioner's Article 78 petition, misinterpreted the Penal Law, and determined that petitioner was not entitled to credit for prison time served under assault sentences which were ultimately vacated.  March 2023 Decision and Order at 5; Motion for Reconsideration at 2–3.

## III.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may grant a writ of habeas corpus only if the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as

5

> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has given independent meaning to the "contrary to" and "unreasonable application" clauses in § 2254(d)(1).  Williams v. Taylor, 529 U.S. 362, 405 (2000). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412–13.  As for the "unreasonable application" clause, a writ may be granted if "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409, 413.  "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410.  In addition, the statutory phrase "clearly established Federal law ... refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions...." *Id.* at 412 (internal citations omitted).

The petitioner bears the burden of proving, by a preponderance of the evidence, that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Smalls v. Batista,* 191 F.3d 272, 278 (2d Cir. 1999); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997).  Further, when evaluating a habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U .S.C. § 2254(e)(1).

On the other hand, "if the federal claim was not adjudicated on the merits, 'AEDPA

deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello,* 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner,* 459 F.3d 200, 203 (2d Cir. 2006)).  Furthermore, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  *Harrington v. Richter,* 562 U.S. 86, 98 (2011).

### A.  Sentencing Error

Petitioner primarily argues that the state courts incorrectly applied New York's sentencing laws when they rejected his challenges to his state court sentencing.  Pet. at 23-29 (citing N.Y. PENAL LAW §§ 70.04(3)(c), 70.25(2-a), 70.30(1), 70.30(5); *Matter of Charles v. New York State Dep't of Corr. Servs.*, 96 A.D.3d 1341 (3d Dep't 2012)).  Respondent argues that any such claims are not cognizable.  Dkt. No. 13-1 at 9–12.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Ortiz v. New York State. Parole in Bronx, N.Y.,* 586 F.3d 149, 158 (2d Cir. 2009) (quoting *inter alia Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991)).  "As the Supreme Court has long held, 'state courts are the ultimate expositors of state law;'" thus, these issues are not cognizable on federal habeas review.  *Portalatin v. Graham,* 624 F.3d 69, 88–89 (2d Cir.2010) (quoting *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975)); see also *Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)).  A claim that a state court judge failed to comply with a state statute raises a question of state law.  *See Thomas v. Larkin,* 2013 WL 5963133, at *13 (E.D.N.Y. Nov. 7, 2013) (citation omitted).  "[F]ederal courts may not issue the writ [of habeas

7

corpus] on the basis of a perceived error of state law." *Id.* (citing *Pulley v. Harris,* 46 U.S. 37, 41 (1984)).

In this case, Petitioner's claim based on the state courts' application of New York State sentencing law is not cognizable on federal review. *See Thomas,* 2013 WL 5963133, at *13 ("whether the sentencing court properly applied New York State Penal Law § 70.25 in determining that [Petitioner]'s sentences were consecutive rather than concurrent is not cognizable on federal habeas review" (citing 28 U.S.C. § 2254(a)). Accordingly, Petitioner's claim, on this ground, is denied.

### B. Double Jeopardy Claim

The double jeopardy clause of the Fifth Amendment to the Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V; *Boyd v. Meachum*, 77 F.3d 60, 63 (2d Cir. 1996). The Fifth Amendment applies in this instance through the Fourteenth Amendment. *See Boyd*, 77 F.3d at 63 ("The Due Process Clause of the Fourteenth Amendment extends this guarantee to state proceedings.").

In its decision, the Appellate Division rejected Petitioner's double jeopardy argument. Consequently, contrary to Petitioner's assertions, the highly deferential standard of review codified in 28 U.S.C. §2254 applies. *See e.g. Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006) ("When a state court adjudicates a habeas Petitioner's claim on the merits, we must afford that decision the deferential standard of review established by the . . . AEDPA . . . ."). Furthermore, the Third Department's conclusion was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent or a decision based on an unreasonable determination of the facts.

8

The double jeopardy clause "protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Boyd*, 77 F.3d at 63 (citing *N.C. v. Pearce*, 395 U.S. 711, 717 (1969)).  In sum, "the Double Jeopardy Clause protects the finality of criminal judgments [and] prohibits alterations to sentences carrying a legitimate expectation of finality." *United States v. Kyles*, 601 F.3d 78, 83-84 (2d Cir. 2010).

Here, however, Petitioner had no legitimate expectation of finality in his present sentence.  Where, as here, multiple sentences are aggregated into a single sentence, a defendant's expectation of finality arises only upon completion of the aggregate sentence. *See People v. Brinson*, 21 N.Y.3d 490, 493-96 (N.Y. 2013).  Indeed, even increasing an unexpired sentence does not violate double jeopardy.  *See Smith v. Wenderlich*, 826 F.3d 641, 650-52 (2d Cir. 2016) (citing *DiFrancesco*, 449 U.S. at 120-21, 137, 139, 143). Therefore, because Petitioner has not completed the aggregate 29-year minimum sentence that he is presently serving, he has no legitimate expectation of finality.

Further, despite Petitioner's assertions to the contrary, *North Carolina v. Pearce*, 395 U.S. 711 (1969), "is not clearly established law governing [Petitioner's] case because *Pearce* involved the imposition of a new sentence after retrial[,] the circumstance not involved here." *Rodriguez v. Keyser*, 2016 WL 264141, at *5 (S.D.N.Y. Jan. 19, 2016).  Because the Appellate Division's rejection of Petitioner's double jeopardy argument was neither contrary to, nor an unreasonable application of, Supreme Court precedent this claim must be dismissed.

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk of the Court respectfully provide Petitioner with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision upon the parties in accordance with the Local Rules.

Dated:  June 1, 2026
Albany, NY

Lawrence E. Kahn
Senior U.S. District Judge

---

[3]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).